Good morning. May it please the Court, Jonathan Libby appearing on behalf of the Appellant Jeffrey Walker. Your Honors, Mr. Walker cannot be guilty of violating a condition of release that was never lawfully imposed. Here, when Judge Kyle sentenced Mr. Walker in Minnesota, he did not order total abstinence from alcohol. He did not authorize testing for alcohol. He only ordered drug testing, drug treatment, and authorized drug testing solely in connection with that drug treatment. And it was the drug testing was only to determine if Mr. Walker had reverted to the use of drugs. Again, nothing to do with alcohol. So when the probation officer in the Central District of California amended the Court's condition to prohibit any use of alcohol, that was an unlawful modification under 3583 as well as Rule 32.1c. Now, the government argues that probation have the authority to order total abstinence because, well, that's the policy in the Central District of California. But probation doesn't get to decide what the conditions of release are. The Court gets to decide that. And if they believe that total abstinence was necessary in this case, they merely needed to go to court and seek a modification. This they didn't do. And if probation can simply say, well, it's our policy to change a court's order, well, what if the probation had said, well, we think tobacco isn't appropriate, so he can't smoke, or caffeine isn't appropriate, so he's not allowed to have coffee, or consistent with the 12-step policy, the philosophy, because — which says that he's not allowed to enter into a relationship with someone while in Alcoholics Anonymous, what if probation had simply said, well, he's not allowed to date. These are fundamental rights that probation cannot subject — deprive Mr. Walker of doing. And so when probation unilaterally amended the condition, that was a violation of law. And notably, in the probation officer's own filings with the Court, there was an April 4th letter to Judge Stotler detailing the necessity of the abstinence policy, in which it notes that a special condition would need to be imposed in order to just — in order to impose this abstinence policy. Yet probation did not do that in this case. So because all of the conditions of release go back to this unlawfully modified condition, Mr. Walker's motion to dismiss the petition should have been granted. And unless the Court has questions, I would reserve the balance of my time. Well, there were five charges. Correct. And some of them, the first two, had to deal with the testing. Now, do you think the probation office had the right to have your kind come in for testing? Well, all of the — all of the violations had to do with testing. Probation certainly, under the Court's orders, had the authority to do one drug test within 15 days of his release under the statute, and two drug tests at some point thereafter during the course of supervision. Now, it's — these drug tests were — were not — these were part of a series of drug testing that they had begun as soon as he got to the Central District of California. They did not place him in treatment. They just placed — They failed all these. Well, they didn't place him in treatment to begin with. And, of course, that's what Judge Kyle's condition was, that he be placed in treatment,  They never placed him in treatment. They merely placed him in this intensive testing program. And he never tested positive for drugs, ever. And in some of these tests, he tested positive for alcohol. Well, you know, there were several tests that he tested positive for alcohol, weren't there? Well, each of the tests he tested positive for were detailed in the violations.  And then the court ordered him into a treatment, into a community correction center, which he flunked. Now, and then he got sentenced to a fairly modest sentence. Now, I guess I'm — I guess I'm not quite understanding what — how he's been treated unfairly. Because you're — the court get — Judge Kyle in Minnesota set the conditions of release. Judge Kyle did not order total abstinence from alcohol. Judge Kyle ordered the standard condition that he refrain from the excessive use of alcohol. And there's been no allegation that he's excessively used alcohol. Well, that may be. You wouldn't need one under this — under this change. I see that. But my gosh, every time that he's — he furnishes a sample, it tests positive. Well, that's not true, Your Honor, with respect. Not every time. He was on supervised release for two and a half years. They were testing him multiple times a week. All right?  All right? And he admitted one of them was he had actually been seen by a probation officer having a glass of wine with dinner. One of the violations is that after he had drank a can of O'Doul's, which is non-alcoholic beer, he understood it to be non-alcoholic beer. Probation now says, well, if you look at the can, it says it may contain a small amount of alcohol. But he understood it to be a non-alcoholic beer. And the fact remains the court gets to decide the conditions of release, not the probation officer. Yeah, but the O'Doul's didn't — you can't say that the O'Doul's produced a positive test on alcohol, can you? Absolutely, Your Honor, because then probation said, yes, that could have produced a positive test because it contains a very small percentage of alcohol. And, again, he's never tested drunk. Never tested drunk. He's only tested positive for having some alcohol in his system on these five occasions. And that's it. But, again, probation did not have the authority to prohibit him from drinking alcohol. Only the court can do that. It was an unlawful modification under the rules. He was entitled to a hearing. He was entitled to counsel. He didn't get that. He was ordered by the court eventually to participate in the CCC. Eventually, Your Honor, but this was as a sanction for him having drank alcohol, which he was perfectly authorized to do under Judge Kyle's rule. Okay? And that's why it was an unlawful modification. All probation needed to do from the outset was go to court and say, we think he shouldn't have alcohol, even though Judge Kyle thought there wasn't any problem with alcohol. And there's nothing in the record to suggest he had a problem with alcohol. But did he — am I correct that when he moved to California? He was originally from California, and so he began supervision in California. Okay. The original terms were imposed in Minnesota. By Judge Kyle in Minnesota.  And then he was placed under the jurisdiction of pretrial probation in the central district. Correct. Formal jurisdiction wasn't transferred for some time, but he was under the supervision of probation. And he signed a directive of some sort that said that he consented to the condition that he not consume alcohol. No, Your Honor. No, no, no. He did not sign an order saying he consented to the change. He understood it. Well, he merely signed that he received the list of conditions from probation. The probation officer, on page 26 of the excerpts, literally crossed out the word excessive from the court's order and wrote — handwrote in the word anything. And Mr. Walker protested and said the judge didn't say I couldn't have alcohol, and the probation officer directed him to sign the condition saying it is our policy here that you can't have alcohol, and so you must sign this, or else you can go to jail for violating our instructions to sign the order. And with that, I'll reserve the balance. Okay. Thank you. Well, let me ask you this. Yes. On the original conditions, do we have the — I have them here on one page, page 19. It's all on one page? That's correct. The original — the original J&C conditions, that's correct. They're not — there's no second page. No, no. That's it, Your Honor. It says you're to follow the rules and regulations of the probation officer. That's what? It includes the standard conditions. That's correct. And those standard conditions are certainly one, that you can — you must follow the instructions of the probation officer. But probation — that doesn't mean that probation has the right to change the judge's to begin with. Have you got a case that holds that? Your Honor, I don't, because it doesn't come up. It's never come up before where probation has simply unilaterally amended a condition. There's just no case law out there. It's never come up because no one's ever questioned it before. Well, perhaps, Your Honor. I would suggest that it's because probation doesn't usually just unilaterally amend judges' orders and then violates the person for violating the condition that probation imposed, not the condition that the court imposed. Now, in the two-and-a-half — how many years was he under the jurisdiction of the California probation people? Well, he continues to be. It was two-and-a-half years at the time of the violation, which was a year ago. He's now been under their supervision for three-and-a-half years. Now, has he served his time by now? The supervised release time? No, no. He was sentenced to incarceration. He was sentenced to 10 years in Minnesota. He completed his sentence. No, but because of his violations, he was sentenced to a year, wasn't he? An additional year? Because of his violations? No. He was reinstated on his original terms of supervision with the additional condition that he served 90 days in prison and — I'm sorry, 30 days in prison and 90 days home confinement as an additional — Has he served the 30 days, then? No, that's been stayed pending appeal. That's been stayed. So that's subject to our decision. That's correct. Okay. And I'll reserve. Thank you. Good morning. May it please the Court. My name is Anne Gannon. I'm an assistant United States attorney for the Central District of California, and I represent the United States in this matter. This case presents the issue of whether a probation officer has the discretion to implement a court-ordered drug testing and treatment program. In this case, the sentencing court did order that as a condition of supervised release that the defendant participate in a court-approved drug testing and treatment program at the direction of the probation officer. The court also imposed the standard condition that the defendant refrain from excessive use of alcohol. At a minimum, the district court, Judge Stotler in this case, did not err when it denied defendant's motion to dismiss the allegations because at least two of the allegations occurred when defendant was participating in the most formal drug testing and treatment program. The record indicates that the Central District of California, since 1981, has had a requirement that any defendant subject to supervised release completely abstain from alcohol. The record also indicates that this is the same condition as imposed by the Bureau of Prisons at the community correction centers. I guess what I find a little confusing is that the standard conditions of supervision on page 26 of the excerpt has the excessive crossed out in any. Does that mean that they never changed the standard conditions, or what? It was a standard condition in Minnesota that the defendant refrained from excessive use of alcohol. That is also the standard condition in the Central District of California. So when jurisdiction was transferred and defendant began being supervised, he had an initial meeting with the probation officer where he was presented with a series of forms. One of those forms, I believe Your Honor is referring to, is the standard conditions of probation. The probation officer did cross out excessive and write in any because she wanted to make sure that there was no confusion between the drug testing and treatment requirements and the otherwise standard conditions of supervision. Well, but this form we have here is the Central District form. And it says shall refrain from any excessive use of alcohol. Right. That is the standard condition in the Central District of California. I thought you just said that in 1981 they started providing that there wouldn't be any. That's for it. That's only for the subset of defendants that are ordered to participate in drug testing and treatment. A standard defendant with no such special condition is only required to abstain from alcohol. But we don't we have a copy of that other subset, do we? Is that in the record? Your Honor, there are several forms in the record. I can tell the Court the page numbers, which are the DTR, the detection and treatment resource forms, which indicate that the defendant by signing acknowledges that it is a complete abstinence district for defendants participating in a drug testing and treatment program. So what the probation officer was trying to achieve was by having the defendant sign two sets of paperwork, one which outlined the otherwise standard conditions of supervision, and then the special drug testing forms, she wanted to make sure they were consistent, and that's why the interlineation was made. So the defendant was notified several times that he was required to abstain from alcohol. Well, I do understand that, but it is confusing because the document signed by Judge only to excessive standard condition. That's correct, for all defendants. For all defendants. And then you're saying that in the record is the explanation that for which subset? Any defendant that's ordered to participate in drug testing and treatment. Okay. Not the statutory drug testing, but the special court-ordered. Where is that? Do you have it? Can you read it? Would you mind? Is Your Honor concerned with the fact that that's the requirement in the Central District of California for drug testing and treatment defendants? Is that what that is? Yes, we'd like to see it. I'd like to see it, yeah. If the Court looks at the under seal record on the April 4, 2005 letter, I believe that elaborates. Well, do you have the form? Do you have the standard form? Your Honor, I don't believe there is a separate form for defendants who have that condition. It is a policy of the Probation Office, and what they do is apparently make this a matter of lineation, because there is no specific form. I thought you said there was a separate form or subset for defendants who are in drug treatment programs. There is, Your Honor. If I may have one moment. Thank you. I believe it may be on page 77 of the record. Seventy-seven of your excerpts? I'm sorry. It's on page 78, the top of the second column, paragraph number 11. Page 78 of what? The excerpts. What's it say? It says this district is a total abstinence program, including use of alcohol and marijuana. And this is the form provided to defendants that are subject to the detection and treatment resources drug testing and treatment program. And the defendants signed this on more than one occasion. And that's essentially what the district court found when there was a hearing on this, because this was the standard policy for drug testing. Yes, Your Honor. There was also testimony at the June 20, 2005 hearing from the probation officer and, in fact, the district's coordinator of drug treatment and testing programs in which they explained to the court that during the entire pendency of a defendant's supervisory release, if the court had ordered drug testing and treatment specifically, that they would be required to abstain from alcohol during the entire period. Also, the government's position is supported by the Stevens decision in which the court found that probation officers should have discretion to implement a specific court-ordered drug testing and treatment program. The court in that case recognized that probation officers as professionals should have some limited discretion in deciding what treatment options and procedures were appropriate. In this case, the court found that this was not punitive, was not punilogical in nature, and found that that allowed the probation officer increased discretion as opposed to imposing an otherwise unrelated condition that would require a court modification with counsel in hearing. But do they all have training on what it takes to send a person successfully through a treatment program? Do they get training on that? Your Honor, it's my understanding that if a defendant received I thought all they got training on was how to figure out the guidelines, but it goes beyond that, huh? Your Honor, there's two units in probation. There's one that does the pre-sentence reports, which calculates the guidelines and other factors, and there's a separate unit which handles supervision. Within that supervision unit, there's even a smaller subset of probation officers who receive special training and are considered drug treatment specialists. And did this probation officer, was he the one that received special training? In fact, Defendant Walker's first probation officer, a woman named Jennifer Smith, was a drug treatment specialist and, in fact, became the district's drug treatment coordinator. And so she was elevated within the probation officer. So I believe she did receive training in that these defendants with these special court-ordered conditions are referred to specialized probation officers to oversee their testing and treatment. So she was there when they crossed out excessive and put in any? In fact, she did do that, and she testified at the evidentiary hearing. And there was an evidentiary hearing before Judge Stotler, and I think she goes through, Judge Stotler goes through the fact that there are various types of offenders and that the court always tells the defendant who has been a drug offender basically not to consume any alcohol. And you represented the government below, is that correct? Yes, Your Honor. Okay. In addition, I think there's policy considerations in favor of this. Like I said, the probation officers are professionals, and this court should grant them the discretion in these limited circumstances. I see that my time has expired unless the court has any further questions. Thank you. I can tell you, I'm trying to get this straight, but if I understand it, the first two charges in which she agreed to go through this testing, as part of that testing program, there's some federal judge's provision for testing that the person's going through testing abstain from all drugs and all alcohol. That's the first two charges. Is that right? Yes, Your Honor. And the other charges, with the exception, I think he was at the community correction center and he drank alcohol, and then he drank or was shown to have drunk some alcohol in urine testing. Those were violations of what the probation officer had told the defendant. Is that true? That's correct, Your Honor. The first two were during the formal testing, and the other ones were during a less formal period of testing and treatment. Your Honors, there are a number of things that government counsel just said which are just wrong. First off, Your Honor, Mr. Walker did not agree to drug testing. Drug testing was he was ordered into drug testing by his probation officer because the probation officer believed that was consistent with Judge Kyle's order. Judge Kyle's order, however, ordered him to treatment and allowed testing as part of it. We understand. Did you represent the defendant below because the district court said no? I did not, Your Honor. Because the district court said, well, I think he's in a pretty tough position to be claiming lack of notice. Well, with respect, Your Honor. This particular defendant has not only known of the policy but actually did consent to the modification. Well, that was the modification that Judge Slott was referring to was referring to the community corrections placement, which was separate. That was the last violation only. That did not apply to any of the previous four violations. But with respect to some things counsel said, there is no court-ordered policy in terms of a no-alcohol condition when there is a drug testing condition. It is a special condition that probation recommends the court impose, and in most cases the district court judge will impose a no-alcohol condition when there is drug treatment. But it's a special condition that is separate and apart. And, in fact, counsel below and Judge Stotler below said this is all news to me because we're always imposing this condition, defense counsel is objecting to no alcohol, and often we say, well, all right, we're just going to get rid of the no-alcohol condition because it's not necessary. So for the government to say this is a standard condition, that's just simply false. And the page that counsel pointed to, page 78 of the record, that's not a court's condition where it says the district is a total abstinence program. That is merely instructions from the testing program that probation contracts with. Probation has directed the testing program that this is a total abstinence district, not the court. Your time has more than expired. Thank you, Your Honor. I can read that. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is
judges: Schroeder, Bright , Pregerson